THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 The State, Appellant,
 v.
 That Tran, Respondent.
 
 
 

Appeal From York County
Larry R. Patterson, Circuit Court Judge

Unpublished Opinion No. 2009-UP-086
 Submitted January 8, 2009  Filed February
12, 2009    

REVERSED

 
 
 
 Attorney
 General Henry Dargan McMaster, Chief Deputy Attorney General John W. McIntosh,
 Assistant Deputy Attorney General Salley W. Elliott, and Senior Assistant
 Attorney General Norman Mark Rapoport, all of Columbia; and Solicitor Kevin S.
 Brackett, of York, for Appellant.  
 Christopher
 A. Wellborn, of Rock Hill, for Respondent.
 
 
 

PER CURIAM: 
 On September 12, 2006, a Clover police officer entered the Friendly Mart to
 investigate a report of illegal video poker machines at the establishment.  He
 noticed video screens in an open storage room simultaneously go dark as he
 entered the store.  After viewing the dark machines, he asked That Tran, the
 store owner, to turn them back on.  Tran complied without objection, and the
 machines displayed a video game known to the officer to be illegal.  The police
 department then seized all three video machines, and Tran was indicted for operating a gaming house and
 possession of gambling devices.  Tran made a pretrial motion to suppress
 evidence of the poker machines.  The circuit court granted Trans motion.  The State appealed.  
The
 State argues the circuit court erred in suppressing the video poker machines
 because their discovery falls within the plain view exception to the Fourth
 Amendment prohibition against warrantless searches.  We agree.
In
 criminal cases, the appellate court sits to review errors of law only.  State
 v. Butler, 353 S.C. 383, 388, 577 S.E.2d 498, 500 (Ct. App. 2003). 
 Our review in Fourth Amendment search and seizure cases is limited to
 determining whether any evidence supports the circuit courts finding.  State
 v. Bowman, 366 S.C. 485, 501, 623 S.E.2d 378, 386 (2005).  The Fourth
 Amendments exclusionary rule prohibits unreasonable searches and seizures. 
 U.S. Const. amend. IV; see also S.C. Const. art. I, § 10.  Evidence
 seized in violation of the Fourth Amendment is inadmissible.  State v.
 Forrester, 343 S.C. 637, 643, 541 S.E.2d 837, 840 (2001).  Generally,
 a warrantless search is per se unreasonable and thus violative of the Fourth
 Amendments prohibition against unreasonable searches and seizures.  State
 v. Bultron, 318 S.C. 323, 331, 457 S.E.2d 616, 621 (Ct. App. 1995).  However,
 a warrantless search may be constitutional if it falls within a recognized
 exception.  Id. at 331-32, 457 S.E.2d at 621.  Under the plain view
 exception, a law enforcement officer who is lawfully in a position to view
 [an] object may seize it.  State v. Abdullah, 357 S.C. 344, 352, 592
 S.E.2d 344, 349 (Ct. App. 2004).  The plain view doctrine applies when (1)
 the initial intrusion which afforded the authorities the plain view was lawful;
 (2) the discovery of the evidence was inadvertent; and (3) the incriminating
 [nature of the] evidence was immediately apparent to the seizing
 authorities.  Id. at 352-53, 592 S.E.2d at 349 (quoting State v.
 Culbreath, 300 S.C. 232, 237, 387 S.E.2d 255, 257 (1990)).  The United
 States Supreme Court has eliminated the requirement that the discovery be
 inadvertent, as long as the seizure meets the other two requirements.  Horton
 v. California, 496 U.S. 128, 130 (1990).
The
 seizure in this case clearly fell within the plain view exception.  The
 officers entry into the Friendly Mart, a place of business, and into the open
 storage room was lawful.  The officer encountered no signage or barrier
 indicating the storage room was off-limits to customers, and store personnel
 did not attempt to stop him entering the room.  The circuit court erred in
 finding the seizure failed the remaining prong of the plain view test, that the
 incriminating nature of the machines be immediately apparent.  The evidence did
 not indicate the police conducted an additional search of the video poker
 machines or otherwise forced them to reveal their programming.  Rather, Tran
 maintained full control of them until their seizure.  At the request of a man
 who had not identified himself as a police officer, Tran consensually turned on
 the machines and displayed their incriminating nature.  
Because
 the officer observed the machines while lawfully present in the Friendly Mart
 and seized them only after the stores owner willingly displayed their
 programming contents, their seizure falls into the plain view exception to the
 exclusionary rule.  Consequently, the circuit court erred in suppressing the
 seized machines.  
REVERSED.
HEARN,
 C.J., SHORT and KONDUROS, JJ., concur.